# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **H.W.-1 and H.W.-2**

**No. 17-1136** (Webster County 17-JA-55 and 56)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, F.W., by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's October 5, 2017, order terminating her parental rights to H.W.-1 and H.W.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Howard J. Blyler, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights based upon insufficient evidence and without granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2017, the DHHR filed an abuse and neglect petition against petitioner. According to the DHHR, petitioner gave birth to H.W.-1, who exhibited symptoms of withdrawal from controlled substances. Petitioner tested positive for oxycodone and opiates at the time of H.W.-1's birth and tested positive for OxyContin two days after the birth. The DHHR alleged that petitioner's mother lived in the home and smoked cigarettes while using oxygen. Petitioner and her boyfriend also smoked cigarettes inside the home, leaving an "overwhelming odor of cigarette smoke." The home was noted to be extremely cluttered with boxes and trash stacked throughout the home, including in H.W.-2's bed. Finally, four-year-old H.W.-2's teeth were black and deteriorated, and it was reported that she had never been to a dentist.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as H.W.-1 and H.W.-2, respectively, throughout this memorandum decision.

The circuit court held an adjudicatory hearing in July of 2017, during which it found that petitioner threatened the health and safety of the children, failed to provide a safe and suitable home, and failed to provide adequate care for the children based on the condition of H.W.-2's teeth. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

In September of 2017, the circuit court held a dispositional hearing. Petitioner failed to attend but was represented by counsel. A Child Protective Services ("CPS") worker testified that petitioner tested positive for amphetamines, hydromorphone, methamphetamines, and oxymorphone in August of 2017. Subsequently, petitioner failed to participate in random drug screens on seven occasions throughout August of 2017 and September of 2017. The CPS worker also testified that petitioner missed a counseling session. After hearing evidence, the circuit court found that, while petitioner had been compliant with some services, she missed several drug and alcohol screens, failed to appear for the hearing, and had not presented any evidence that she would comply with the terms of an improvement period. Finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was necessary for the children's welfare, the circuit court terminated petitioner's parental rights in its October 5, 2017, dispositional order. It is from this order that she appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights when she participated in parenting classes, attended outpatient drug counseling, and substantially complied with her random drug screening, only missing screens "when she was not at the location the [DHHR] workers dropped in on when the [DHHR] workers appeared without notice." As such, petitioner argues the circuit court erred in terminating her parental rights without first granting her an improvement period, as she alleges she demonstrated that she was likely to participate in the same. Petitioner also argues that the circuit court erred in terminating

---

[2]The parents' parental rights were terminated below. The permanency plan for the children is to be adopted by their current foster family.

2

her parental rights based upon insufficient evidence when the DHHR only presented the testimony of one witness, who recommended that petitioner be granted an improvement period. We find petitioner's argument to be without merit.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Here, the evidence established that petitioner tested positive for several controlled substances in August of 2017 and thereafter failed to participate in random drug screens on seven different occasions. While petitioner argues that her missed drug screens were due to DHHR workers arriving at her home unannounced, we note that random drug screens are purposefully not regularly scheduled and petitioner was aware that a missed screen would count as a positive screen in the eyes of the circuit court. Further, petitioner also missed a counseling session and failed to attend the dispositional hearing. Accordingly, because petitioner did not demonstrate that she was likely to fully participate in an improvement period, we find no error in the circuit court's decision to deny petitioner the same.

Moreover, we find no error in the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, petitioner did not follow through with rehabilitative efforts designed to reduce or prevent the abuse and neglect of the children. As mentioned above, petitioner tested positive for drugs throughout the proceedings, missed several drug screens and a counseling session, and failed to attend her dispositional hearing. While petitioner argues that she complied with most services, we have previously held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). After reviewing the evidence, the circuit court found that there

was no reasonable likelihood that the conditions of abuse and neglect could be corrected and that termination was in the children's best interests. Further, while petitioner argues that less-restrictive alternatives to termination were available, we have previously held

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based on the evidence, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 5, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker